IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ARMUNDOE MARTIN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:11-CV-90 CDL-MSH |
| | * | 28 U.S.C. § 2254 |
| GREGORY McLAUGHLIN, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On July 14, 2011, Petitioner Martin, who is currently serving his sentence at Calhoun State Prison in Morgan, Georgia, filed the above-styled action. The record reveals that Petitioner was found guilty in the Muscogee County Superior Court on July 30, 2003, of felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. (Petition 1, ECF No. 1.) Petitioner was sentenced to serve life in prison on the felony murder charge, and two five year probation terms to be served concurrently with each other but consecutive to the prison sentence. (Resp. Ex. 5, Trial Transcript p.254-255). Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Supreme Court. (Resp. Ex. 4(a) 56-58, ECF No. 12). On March 26, 2007, the Georgia Supreme Court affirmed Petitioner's convictions. *See Martin v. State*, 281 Ga. 778 (2007).

On March 18, 2008, Petitioner filed a state habeas petition which was ultimately denied on May 18, 2010. (Resp. Ex. 5). Petitioner then filed a timely Application for Probable Cause to Appeal which was denied by the Georgia Supreme Court May 31,

2011.  (Resp. Ex. 6).  Petitioner thereafter filed the current federal habeas petition,

pursuant to 28 U.S.C. § 2254.  Respondent filed his Answer-Response on October 20,

2011 (ECF No. 9), and his Exhibits were filed on December 20, 2011 (ECF No. 12).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty

Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an  evidentiary hearing on the claim unless the applicant shows that
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been  previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States

Supreme Court set forth the present standard of review for claims adjudicated on the

merits in state courts as established by the AEDPA in regard to state prisoner's

applications for a writ of habeas corpus in  the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied – the state-court adjudication resulted in a decision
> that
> (1) "was contrary to . . . clearly established Federal law, as determined by
> the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal
> Law, as determined by the Supreme Court of the United States."  Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts. Under unreasonable
> application" clause, a federal habeas court may grant the writ if the state
> court identifies the correct governing legal principle from this Court but
> unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523.  Justice O'Connor, writing for the majority of the Court,

added that "a federal habeas court making the 'unreasonable application' inquiry should

ask whether the state court's application of clearly established federal law was objectively

unreasonable."  *Id.* at 1521.  In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal
> habeas court may not issue the writ simply because that court concludes in
> its independent judgment that the relevant state-court decision applied
> clearly established federal law erroneously or incorrectly.  Rather, that
> application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Claims

Petitioner's application for a federal writ of habeas corpus cites five grounds for

relief.  Specifically, Petitioner contends that: 1) the indictment in his case was defective; 2) trial counsel was ineffective for failing to file a general demurrer as to the defective indictment; 3) his appellate counsel was ineffective for failing to raise the trial counsel's failure to raise the issue of the defective indictment; 4) trial counsel was ineffective where she failed to advise him that the prosecution was collaterally estopped from prosecuting him on a charge he had already been convicted of; and 5) appellate counsel was ineffective for failing to raise the previous issue.  (ECF No. 1-1.)

## I.     Procedural Default

In **Ground One**, Petitioner argues that the indictment used to prosecute him was defective.  (Pet'r's Pet. 18.)  In **Ground Two**, Petitioner argues that his trial counsel was ineffective for failing to object to the defective indictment.  (*Id.*)  In **Ground Four**, Petitioner contends that he received ineffective assistance of counsel because trial counsel advised him to "to proceed forward with the second trial for the same felony murder."  (*Id.* at 19.)

The Respondent argues that each of these claims is procedurally defaulted.  The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."  *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999): *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977).  "[P]rocedural default can arise in two ways.  First, where the state court correctly applies a procedural default principle

4

of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988).  "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

Furthermore, a federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991).  A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective

factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *McCleskey v. Zant,* 499 U.S. 467 (1991). To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control "not merely . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes.* 433 U.S. 72. A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 F.2d 1268, 1275 (11th Cir. 1990); *quoting Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989); s*ee McCoy v. Newsome,* 953 F.2d 1252 (1992).

The record reveals that **Grounds One, Two**, and **Four** were raised by Petitioner in his state habeas application filed in Ware County. (Res'p's Ex. 3.) The state habeas court ruled that the claims were procedurally defaulted as they were not raised on direct appeal to the Georgia Supreme Court. The state habeas court correctly determined Petitioner's claim was procedurally barred under O.C.G.A. §9-14-48(d) and *Black v. Hardin*, 255 Ga. 239, 336, S.E.2d 754 (1985),  as Petitioner failed to raise the issue on

6

direct appeal.

As to **Grounds One, Two, and Four**, Petitioner has failed to establish cause for his failure to timely raise the issues or establish that a miscarriage of justice occurred which would excuse the default on these claims.  Thus, **Grounds One, Two, and Four** are procedurally barred and it is recommended that Petitioner is not entitled to relief on those grounds.

## II.     Ineffective Assistance of Counsel

In **Grounds Three** and **Five**, Petitioner alleges that he received ineffective assistance of appellate counsel.  In Ground Three Petitioner contends that appellate counsel was ineffective because counsel failed raise the issue of trial counsel's failure to object to the defective indictment. (Pet'r's Pet. 18-19.)   Petitioner claims that the indictment failed to state the manner in which Petitioner caused the victim's death.  In Ground Five, Petitioner argues that appellate counsel should have raised trial counsel's ineffectiveness for allowing him to proceed to "the second trial for the same felony murder."[1]

The record reveals that **Grounds Three** and **Five** were raised by Petitioner in his state habeas case where they were decided against him.  (Res'p's Ex. 5, p. 7.)  The state court, in finding that Petitioner's appellate counsel was not ineffective, relied on the standard for determining whether counsel is ineffective as set out in *Strickland v.*

---

1  Petitioner is arguing that his trial counsel erroneously allowed him to proceed to the second phase of his trial which had been bifurcated.

*Washington,* 466 U.S. 668 (1984). *Strickland* held that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 394-397, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority

to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002).   The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel.  The record reveals that the Macon County Superior Court found that appellate counsel's decision to focus on the issues he found to be meritorious and not to raise other issues was not unreasonable. (Res'p's Ex. 5, p. 4).  Specifically, with regard to Petitioner's claim that his appellate counsel should have raised the issue that trial counsel was ineffective for failing to object to what he claims was a defective indictment, the state habeas court found that the indictment, read as a whole, placed Petitioner on notice that he was being charged with shooting the victim.  (*Id.*)  As to his claim that appellate counsel should have raised the issue of trial counsel's decision to allow him to "proceed to a second trial for the same felony murder," the habeas court found that trial counsel properly asked to bifurcate the trial to avoid charges relating to Petitioner being a convicted felon from being heard during the first phase of the trial.  (Res'p's Ex. 5, p. 5.)

The state habeas court further found that Petitioner had failed to establish either

prong of ineffective assistance of counsel. (*Id.*)   Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*.  A review of that decision fails to show that Petitioner has established that the state habeas court unreasonably applied the *Strickland* test.   Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*.  Thus, it is recommended that Petitioner is not entitled to relief on **Grounds Three and Five**.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as well as his various pending motions, be **DENIED**.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 24th day of January, 2012 .

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE